IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| FLAME CONTROL INTERNATIONAL, INC., JACK G. FOLMAR, WILL L. WILKINS, RON FARUQUI, and W. TACK THOMAS, | * * * * * |
| Plaintiffs, | * * |
| v. | * Civil No. 3:05-CV-0503-H |
| | * |
| PYROCOOL TECHNOLOGIES, INC., ENVIRONMENTAL TECHNOLOGIES, INC., METRO FIRE & RESCUE, INC., ROBERT E. TINSLEY, JR., ROBERT E. TYLER, W. MICHAEL HAGER, WESLEY L. WRIGHT, and GENTRY R.P. FARRELL | * * * * * * * * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the following sets of motions:

Motion to Dismiss Second Amended Complaint, filed August 4, 2005; Response and Memorandum in Support, filed August 24, 2005; and Reply Brief in Support of Motion to Dismiss Second Amended Complaint, filed September 8, 2005.

Motion to Add Additional Parties, and supporting brief, filed August 15 and 22, 2005; Memorandum of Law in Opposition to Cross-Claim Plaintiffs' Motion to Add Additional Parties, filed September 6, 2005.

Motion to Dismiss Cross-Claim, and supporting brief, filed September 6, 2005; Response, and supporting brief, filed September 26, 2005.

Motion to Dismiss First Amended Cross-Claim, and supporting brief, filed October 11, 2005; Response, and supporting brief, filed October 28, 2005; Reply in Support of Motion to Dismiss First Amended Cross-Claim, filed November 14, 2005.

Motion for Leave to File First Amended Counterclaim, and supporting brief, filed January 30, 2006.

Motion and Brief for Leave to File Cross-Plaintiff's Second Amended Cross-Claim, filed January 30, 2006; Brief in Opposition to Cross-Claim Plaintiffs' Motion for Leave to File Second Amended Cross-Claim, filed February 20, 2006.

Motion and Brief for Leave to File Plaintiff's Third Amended Complaint, filed January 30, 2006; Brief in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint, filed February 20, 2006.

Defendants' Motion for Rule 11 Sanctions, and supporting brief, filed January 30, 2006; Response and Memorandum in Support of Response to Defendants' Motion for Rule 11 Sanctions, filed February 21, 2006; Response of Counterclaim Defendant W. Tack Thomas to Defendants' Motion for Rule 11 Sanctions, filed February 21, 2006; Affidavit of J. Albert Kroemer in Support of Attorney's Fees, filed February 21, 2006; Stipulation Regarding Defendants' Motion for Rule 11 Sanctions, filed February 28, 2006; and Defendant's Reply in Support of Motion for Rule 11 sanctions, filed March 7, 2006.

## I. BACKGROUND

This case represents the fact-intensive fallout of a failed business relationship for the marketing and sale of firefighting products and technologies. Although it is in essence a simple dispute, the parties have filed enough paper with the Court to rival the most complex lawsuit on the docket.

On February 7, 2005, Flame Control International, Inc. ["FCI"] filed its petition in Texas state court against Pyrocool Technologies, Inc. ["Pyrocool"], Environmental Technologies, Inc. ["Environmental"], and Robert E. Tinsley, Jr. ["Tinsley"], alleging breach of contract, fraud, and a variety of related claims. Shortly thereafter, FCI amended its petition to add Metro Fire and Rescue, Inc. ["Metro"] as a defendant. Defendant Tinsley is the chief executive officer and a principal of both Environmental and Metro. Plaintiff is a Texas corporation; and Defendants are citizens of Virginia. On March 14, 2005, the case was removed to federal court on the basis of diversity jurisdiction.

On June 7, 2005, the Court allowed Plaintiff to amend its complaint to correct pleading deficiencies in its fraud and conspiracy claims; and thus denied as moot Defendants' motion to dismiss. Defendants were allowed to join additional parties Jack G. Folmar ["Folmar"], Will L. Wilkins ["Wilkins"], Ron Faruqui ["Faruqui"] and W. Tack Thomas ["Thomas"].

Plaintiff filed its Second Amended Complaint on July 22, 2005. In the Second Amended Complaint, FCI asserts the following claims against all Defendants: Breach of contract; breach of fiduciary duty (based on joint venture); fraud; conspiracy; quantum meruit; exemplary damages; and attorney's fees.

In the Answer and Counterclaim, filed on March 28, 2005, Defendants assert the following claims against FCI: Tortious interference with existing contract, tortious interference with prospective business relationship; and exemplary damages. Defendants also assert claims against Folmar, Wilkins, Faruqui, and Thomas for fraud; negligent misrepresentation; conspiracy; statutory conspiracy under Virginia law; and exemplary damages.

In the First Amended Cross-Claim, filed September 26, 2005, Folmar, Wilkins, Faruqui and Thomas assert the following claims against Metro, Pyrocool, Environmental, and Tinsley: Breach of contract; breach of fiduciary duty; violation of Texas Business and Commerce Code § 27.01; quantum meruit; exemplary damages; and attorney's fees. Those parties assert the same claims against Robert E. Tyler ["Tyler"], W. Michael Hager ["Hager"], Wesley L. Wright ["Wright"], and Gentry R.P. Ferrell ["Ferrell"], individuals alleged to be officers and/or directors of the corporate Defendants. A motion for leave to add these four parties has been filed.

The Court now turns to the motions pending in the case.

## II. ANALYSIS

A.   <u>Motion to Add Additional Parties</u>

In the first motion under consideration, Counterclaim Defendants Folmar, Wilkins, Faruqui, and Thomas (individuals associated with Plaintiff FCI) ask for the Court's leave to join additional parties Tyler, Hager, Wright and Ferrell (individuals associated with Defendants Metro and Environmental) ["Cross-Claim Defendants"]. *See* Fed R. Civ. P. 13(h), 19, 20. The motion is timely under the Court's Scheduling Order.

Joinder of additional parties is appropriate "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction,

4

occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20. Such joinder is discretionary with the Court on a showing that the requirements of Rule 20 have been met. *See Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 & n.11 (5th Cir.1995); *El Aguila Food Prod., Inc. v. Gruma Corp.*, 167 F. Supp. 2d 955, 958 (S.D. Tex. 2001).

In this case, the Cross-Claim Defendants appear collectively to be the counterparts of the Counterclaim Defendants already permitted to be joined. Moreover, the moving parties allege that the Cross-Claim Defendants participated in negotiations for the transactions at the core of this case; made representations and took action alleged to be independently tortious; and are personally liable on theories piercing the corporate veil. *See* Counterclaim Defs' Brief, at 3-4; Cross-claim at ¶¶ 2, 10, 11, 15, 19. Because facts related to those transactions and to the nature of the business entities are disputed, the Court cannot at this juncture say that the joinder would be futile. *See also Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973) (affirming joinder of parties "because testimony about them was unavoidable"), *cert. denied*, 415 U.S. 977 (1974).

Neither can the Court say that allowing joinder at this stage of the litigation would prejudice the existing Defendants. Discovery in both this case and a related case in Virginia federal court has been conducted with reference to these parties. *See Tyler v. Berger*, Civ. No. 6:05-CV-0030 (W.D. Va. 2005). Moreover, by order of February 28, 2006, discovery here has been extended until June 12, 2006.

Accordingly, Counterclaim Defendants' motion is granted; and the designated parties are joined in this action. The Court now turns to the issue of nomenclature.

Although brought into this case piecemeal, the parties fall generally into two camps. One camp is FCI and the individuals associated in some manner with that corporation -- Folmar, Wilkins, Faruqui and Thomas. The other camp is Environmental, Metro, Pyrocool, and the individuals associated with one or more of those entities -- Tinsley, Tyler, Hager, Wright, and Ferrell. Because FCI won the race to the courthouse, the first group will henceforth be collectively referred to as "Plaintiffs." The second group will be collectively referred to as "Defendants." The parties, thus realigned, are **DIRECTED** to refer to themselves as such, and only as such, in all further documents filed with the Court. *See Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 625 (5th Cir.1994) ("Alignment of the parties lies in the sound discretion of the court."). The issue of amended pleadings to reflect the realignment will be addressed later in this opinion.

B.   Motion to Dismiss Cross-Claim

The Motion to Dismiss Cross-Claim, filed September 6, 2005, is superceded by the Motion to Dismiss First Amended Cross-Claim, filed October 11, 2005. The former motion is thus denied as moot.

C.   Motion to Dismiss First Amended Cross-Claim

Defendants move to dismiss each cause of action alleged in the First Amended Cross-Claim. *See* FED. R. CIV. P. 12(b)(6). For the reasons that follow, the motion is denied.

**1.   Standard of Review**

Dismissal of a case under Rule 12(b)(6) for failure to state a claim is not favored by the law. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988); *see* FED. R. CIV. P. 12(b)(6). A Plaintiff's complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

6

relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Adolph v. Federal Emergency Mgmt Agency*, 854 F.2d 732, 735 (5th Cir. 1988) (holding that a court may dismiss only if it "appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations[;] or if the allegations, accepted as true, do not present a claim upon which relief can be legally obtained.").

In considering a motion to dismiss, the Court must accept as true the nonmovant's well-pleaded factual allegations and any reasonable inferences to be drawn from them. *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Generally, the Court may not look beyond the pleadings in its decision. *Mahone,* 836 F.2d at 936.

With this standard in mind, the Court turns to an analysis of Defendants' motion.

### 2. Causes of Action

Although Defendants move to dismiss each of the individual Plaintiff's claims, only a few issues warrant comment. With regard to the claim of fraud, Defendants argue that the claim is not pleaded with sufficient particularity. A "heightened" pleading requirement requires a plaintiff to set forth the "who, what, when and where" of statements alleged to be fraudulent. S*ee Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992); FED R. CIV. P. 9(b). The rationale is to provide a defendant with fair notice of the nature of the claim and to prevent plaintiffs from fishing for unknown wrongs. *Tuchman*, 14 F.3d at 1067. Here, the basic standard is met. *See* Resp., at 9-14. Defendants' arguments to the contrary are without merit.

Defendants next propose what is in essence an argument for lack of evidence to support the existence of a contract, or its breach, or a theory of alter-ego by which the individual Defendants can be held liable. In the context of a motion to dismiss, the Court may not entertain arguments of

insufficiency of evidence, but must decide only whether a claim is barred as a matter of law. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). In this case, Plaintiffs have alleged, in the alternative, a contract and alter-ego theory for which they are entitled to develop support, if possible. *See id*. ("The issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims."). Although Defendants may renew their attack in the context of a motion for summary judgment, the arguments for dismissal of the contract and alter-ego claims fail under the standard applicable at this time.

As a result, and on all other grounds for similar reason, Defendants' motion to dismiss the First Amended Cross-Claim is denied.

D.       Motion for Leave to File Second Amended Cross-Claim

In the next motion under consideration, Plaintiff asks the Court for leave to amend the First Amended Cross-Claim. The amendments are represented to be typographical in nature, and they also serve to withdraw the claims of individual Plaintiffs Faruqui and Thomas.

In light of the realignment of the parties and of the Court's ruling, set out below, requiring amendment of the pleadings in conformity therewith, the motion for leave to amend cross-claims is denied. The Court construes Plaintiff Faruqui's and Thomas's withdrawal of claims as a stipulation of voluntary dismissal. *See* FED. R. CIV. P. 41(a). The claims of Plaintiffs Faruqui and Thomas against all Defendants are thus dismissed without prejudice. Because counterclaims have been filed against these Plaintiffs, they remain named parties in the suit.

E.       Motion to Dismiss Second Amended Complaint

Defendants move to dismiss Plaintiff's Second Amended Complaint on all counts. The Court applies the standard for a Rule 12(b)(6) motion to dismiss, as set out above. Under that

standard, Defendants' motion fails. For each claim, the Court cannot find without considering evidence outside the pleadings, that FCI has failed to state a cause of action against the party or parties in question. *See Adolph v. Federal Emergency Mgmt Agency*, 854 F.2d at 735. Again, Defendants' arguments are more properly brought in the context of a motion for summary judgment.

F.      Motion to Leave to File Third Amended Complaint

In light of the realignment of the parties and of the Court's ruling, set out below, requiring amendment of the pleadings in conformity therewith, the motion for leave to file a Third Amended Complaint is denied.

G.      Motion for Leave to File First Amended Counterclaim

Similarly, the Motion for Leave to File First Amended Counterclaim is denied in favor of the pleading required by the Court at the conclusion of this opinion.

H.      Motion for Sanctions

With this final motion, the original Defendants to this action ask the Court to impose Rule 11 sanctions against Plaintiffs and Plaintiffs' counsel, and to award attorney's fees. Grounds for the motion include frequent amendment of pleadings and allegedly frivolous claims.

The Court has as yet dismissed none of Plaintiffs' claims as unsupported by fact or law. *See* FED. R. CIV. P. 11(b). It is true that Plaintiffs' pleadings and motions reflect a lack of familiarity with the Federal Rules of Civil Procedure. On the other hand, Defendants' motions and responses, strewn with veiled and not-so-veiled sarcasm, reflect a lack of familiarity with the federal rules of civility. *See Dondi Properties Corp. v. Commerce Sav. and Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988). In any event, after reviewing the totality of the record and the arguments of the parties, the

Court is of the view that the motion for sanctions should be, and it is hereby, denied. *See* FED. R. CIV. P. 11(b).

### III. CONCLUSION

For the reasons given above, the Court makes the following rulings. The Motion to Add Additional Parties is **GRANTED**. Robert E. Tyler, W. Michael Hager, Wesley L. Wright, and Gentry R.P. Ferrell are joined in this case. The parties are re-aligned as follows: FCI, Folmar, Wilkins, Faruqui and Thomas are designated as Plaintiffs. Environmental, Metro, Pyrocool, Tinsley, Tyler, Hager, Wright, and Ferrell are designated as Defendants.

Plaintiffs are **DIRECTED** to file by **noon, March 29, 2006**, an amended complaint entitled "Superseding Complaint."[1] Defendants are **DIRECTED** to file by **noon, April 5, 2006**, an amended answer and counterclaim entitled "Superseding Answer and Counterclaim," to which appropriate answer may be filed by **noon, April 12, 2006.** No new causes of action may be asserted[2] (though new factual grounds, if any, supporting elements of existing causes of action may be included). The parties have leave of Court to dismiss voluntarily any claim or party by eliminating the claim or party from the superseding pleading.

Pending further orders of the Court, all parties are placed on pleading probation. No further pleading amendments may be filed or requested. No further dispositive or partially dispositive

---

[1] Plaintiff Thomas is represented by separate counsel. He may join all or a part of the Superseding Complaint, or he may file a separate pleading.

[2] By a "new" cause of action, the Court means any cause of action not contained in the parties' live pleadings or in the currently proposed amended pleadings, to include the First Amended Counterclaim, Third Amended Complaint, and Second Amended Cross-Claim. That is to say, any claim express in any of the aforementioned documents may become part of the superseding pleadings.

motions will be accepted by the Court, except that at the appropriate juncture, Plaintiffs may file a single motion for summary judgment or partial summary judgment, and Defendants may file a single motion for summary judgment or partial summary judgment. Those motions must stand on their own; *i.e.*, they may not "incorporate by reference" any portion of a previously filed document. No motion for enlargement of page limitations will be entertained. Any party relying on the law of a state other than Texas must brief the issue of choice of law in the context of the cause of action at issue.

The Motion to Dismiss Cross-Claim is **DENIED AS MOOT**. The Motion to Dismiss Amended Cross-Claim and the Motion to Dismiss the Second Amended Complaint are **DENIED** on the merits.

The Motion for Leave to File the First Amended Counterclaim, and the Motion for Leave to File the Second Amended Cross-Claim, and the Motion for Leave to File the Third Amended Complaint are **DENIED** in light of the substitute pleadings required herein.

The motion for Rule 11 Sanctions is **DENIED**. The Motion to Substitute Counsel, filed on February 6, 2006, is **GRANTED**. Attorney Ralph Perry-Miller and the law firm of Vial, Hamilton, Koch & Knox, L.L.P.,, are hereby **WITHDRAWN** from the case. Plaintiffs' new attorneys of record were added by order of February 10, 2006.

The parties are **DIRECTED** to file by <u>**noon, April 28, 2006**</u>, a <u>joint</u> report apprising the Court of the status of discovery and settlement negotiations; and setting out the parties' views on

whether reconvening mediation, either with the former mediator or with a different mediator chosen by the parties or appointed by the Court, might be beneficial to the resolution of this case.

    SO ORDERED.

    DATED: March 22, 2006

    _____
    BAREFOOT SANDERS, SENIOR JUDGE
    UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF TEXAS